W. C. Webster, et al. *v.* R. A. Webster, et al.

[Abstract Kentucky Law Reporter, Vol. 7—302.]

**Merger of Note in Judgment.**

Where a note is reduced to a judgment, the note merges in the judgment and thereafter the note being in possession of the executor of the estate of the holder of the judgment, he has no right to assign the same and the assignee thereof has no title or claim to it.

**Administrator Owing the Estate He Represents.**

Where a debtor is appointed as administrator of an estate to which he is indebted, he must charge himself with such debt and will be held to have received it. Strictly speaking, an administrator is not entitled to any commission or allowance as administrator in collecting a claim against himself, but where a small allowance is made to him therefor, this court will not reverse on account of it.

35

APPEAL FROM TAYLOR CIRCUIT COURT.

October 24, 1885.

OPINION BY JUDGE HOLT:

Anna W. Webster held a note on George Haselwood for $384, due September 12, 1862, and secured by mortgage on real estate. It was sold under a decree to pay her debt and other liens, and purchased by R. A. Webster, the wife of the appellant, W. C. Webster, who executed sale bonds on November 24, 1866, for the purchase-money, with her husband and one A. Haselwood as her sureties. Enough was not realized to pay all the mortgage debts in full, and the pro rata, which was on March 20, 1867, adjudged to Ann W. Webster, amounted to $363.14. The record discloses that the purchaser was not prompt in paying her bonds, because it appears that two other persons, who were entitled to portions of the fund, obtained rules against her to compel payment.

Ann W. Webster died intestate on January 26, 1870; and by her son, the appellee, R. A. Webster, acting under the erroneous belief that he had, several years before, qualified as her administrator, obtained a rule against the appellant, W. C. Webster, in the suit in which the decree had been obtained, to pay over to him as such representative said $363.14, with interest from November 24, 1866. In response to it the appellant alleged, first, that the plaintiff in the rule was not the administrator; second, that the money had been paid; and third, that whatever claim existed had been assigned to A. Haleswood, who died in February, 1880,by the appellee, John A. Marshall, as the executor of A. Webster, who was the husband of Ann W. Webster, and died in 1849. While this rule was pending, and on March 7, 1881, the appellees representing three of the four interests of the estate of Ann W. Webster, brought this suit against the appellant, W. C. Webster, who had, a short time before, qualified as her administrator, and who as her son, was entitled to the other fourth interest of her estate, alleging that he was chargeable with the $363.14, with interest from November 24, 1866, that the estate was not in debt, and asking a settlement of it and a distribution of the fund. The like defenses as to the rule, save the first one above named, were presented, together with the additional ones, that the same matter was then pending and in contest in the other cause upon the rule; and that as the appellant had only been

administrator about two months, and there had been no previous administration, this action must be dismissed, because, under the . statute, no action could be maintained against him until the lapse of six months from his qualification. The statute, however, does not apply to an action of this character, and the rule was dismissed by the plaintiff in it without a trial.

There is some evidence showing that the original note for $384, which was payable to Ann W. Webster, was executed for a balance of a price of a slave that belonged to the estate of her husband, A. Webster, and was sold by the widow who had a life estate in him ; and although the note had been asserted in the other suit, and merged in, and the debt evidenced by it placed upon the higher footing of a judgment in favor of Ann W. Webster, yet on April 2, 1872, the note being in some unexplained way in the possession of the appellee, John A. Marshall, he, as executor of A Webster, assigned it, together with any security for it, to A. Haselwood, and the appellant, W. C. Webster, being his executor, now has possession of it. Marshall, however, testifies that he, as executor of A. Webster, never claimed the debt; that there was no consideration for the assignment to Haselwood; that it was done because the'' latter told him that it would be subjected to the payment of a legacy under the will of A. Webster, and that he (Haselwood) · would account for it to the heirs of Ann W. Webster. This evidence is uncontradicted. The note was payable to Mrs. Webster; a judgment was obtained upon it in her name, and from the inception of the debt and for years it had existed in her name without claim or objection, and in view of all the circumstances, and even admitting that an executor may thus transfer a claim of the testator, yet we are satisfied that the transfer to Haselwood was not only without consideration but without authority or right; and this brings us to the real question in the case, which is, has the debt been paid? The appellant, owing to the absence of direct testimony showing it, relies mainly upon the lapse of time. He testifies that he paid for Mrs. Webster, and by her request, at one time, $200, but he says that this was on July 29, 1864, while the record shows that the sale bonds evidencing the claim upon him was not executed until November 14, 1866. Morover, one of the appellees testifies that he was present when Mrs. Webster gave to the appellant the money to make this payment for her. The parties to the debt were mother and son, and this fact likely led to delay in

its collection; but whatever may have been the reason, the burden upon this question is upon the appellent, and he has, in our opinion, failed to show a state of case as would authorize us to assume, in the fact of both the commissioner's report and the judgment below, that the claim has been paid.

As he owes it, and is also the administrator of the person to whom it was owing, he must be held to have received it. The commissioner as well as the court below allowed him a credit for $58, as of October, 1866, for money paid by him upon an execution against Mrs. Webster. It is true that this money was paid a short time prior to the execution of the sale bonds, but the evidence showing the judgment is wholly uncontradicted, and there is no testimony that it was ever repaid. It is urged that it is alleged in the petition and not denied that Mrs. Webster at her death was not in debt, but the bonds were executed so soon after this money was paid that we think we are justified, in the absence of any testimony showing its repayment, in believing that the parties regarded and treated it as a payment upon the claim. Strictly, the appellant was not perhaps entitled to any commission or allowance as administrator, as the debt owing by him constituted the entire estate; but in view of the fact that it amounts to but little, that the court below allowed it, and that its disallowance by us would lead to a restatement of the accounts and further litigation between those of one blood, we are unwilling to, and we think equity requires that we should not, reverse the judgment on account of it and the lower court seems to have fairly adjusted the costs of the suit.

Judgment affirmed upon both the original and cross-appeal.

Judgment *affirmed*.

*William Lindsay, J. R. Robinson, for appellants.*

*R. S. Montague, for appellees.*

[Cited, *Kirby v. Moore*, 30 Ky. L. 1022, 99 S. W. 1156.]